**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : |
| LAMAAS LOWERY-BEY | : |
| | :    **Case No. 24-CR-502 (DLF)** |
| | : |
| Defendant. | : |
| | : |

**STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA**

I.     Summary of the Plea Agreement

The Defendant agrees to plead guilty to Count One of the Indictment charging one count of Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

II.    Elements of the Offense

The essential elements of the offense of Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.SC. § 922(g)(1), each of which the government must prove beyond a reasonable doubt, are:

1. The defendant knowingly possessed the firearm and ammunition as charged;

2. At the time he possessed the firearm and ammunition, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year;

3. The defendant knew that he was a felon; and

4. The possession of the firearm and ammunition was in or affecting commerce.

III.    Penalties for the Offense

The penalty for Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.SC. § 922(g)(1), is as follows:

1.  a maximum sentence of 15 years of imprisonment;

2.  a fine not to exceed $250,000;

3.  a term of supervised release of not more than three (3) years; and

4.  a special assessment of $100.

IV.    Brief Statement of the Facts

Had this case gone to trial, the government's evidence would prove the following beyond a reasonable doubt:

1.      On October 4, 2023, officers with Metropolitan Police Department (MPD) executed a Superior Court search warrant on 2440 Wagner Street SE, Apt D, Washington, D.C., where the Defendant resided with his girlfriend.   Officers entered the apartment shortly after 6am and found the Defendant and his girlfriend in a bedroom. In the bathroom adjoining the bedroom in which the Defendant was sleeping, officers recovered a firearm with an extended magazine hidden behind a painting hung above the toilet.   The firearm was a Glock 23, .40 caliber handgun, bearing serial number FKP597, and contained 29 rounds of .40 caliber ammunition in an extended magazine.   According to law enforcement databases, the firearm was reported stolen.   The firearm was also equipped with a "switch" that if operable, would convert the firearm into a fully automatic firearm; however, the "switch" was not operable when it was later test-fired by law enforcement.

2

2.      On September 14, 2023, the Defendant was recorded on video surveillance outside of 1911 18th Street SE, Washington, D.C. speaking with another individual.   As he was interacting with this other individual, the Defendant reached into the front of his pants and pulled out a black handgun, showed the gun to the other individual, and put it back into his pants.   From the surveillance, it appeared that the gun he carried was also a Glock with an extended magazine, similar in appearance to the gun seized a few weeks later on October 4, 2023.

3.      The recovered firearm was swabbed for DNA and compared against a DNA sample obtained from the Defendant.   The profile from the firearm indicates a mixture of at least two individuals with at least one male contributor. The analysis also showed that it was 1.5 quadrillion times more probable if the sample originated from Lowery-Bey and one unknown person than if it originated from two unknown persons.   The likelihood ratio provided very strong support.

4.      At the time the Defendant possessed the firearm on October 4, 2023, he knew he was previously convicted of a crime punishable by more than one year.   Specifically, the Defendant had previously been convicted twice of Carrying a Pistol Without a License, Attempted Assault with a Dangerous Weapon, Unlawful Possession of a Firearm, and Contempt, offenses that are all punishable by more than one year. The Defendant also agrees that there are no firearm and ammunition manufactures in DC and therefore the firearm and ammunition he possessed traveled through interstate commerce.

5.      Court-authorized search warrants of the Defendant's cell phones also revealed that the Defendant frequently distributed narcotics, particularly marijuana, in and around the 1900 block of 18th Street SE.   Cell phone extractions showed that the Defendant possessed large amounts of marijuana, and there were numerous photos of large quantities of marijuana and U.S.

currency in his cell phones.    Additionally, the Defendant possessed numerous other firearms before and after October 4, 2023, including having pictures of multiple firearms in the Defendant's lap.    The Defendant agrees his possession of the firearm in this case was in connection with the distribution of narcotics, in that he often carried his firearm while selling marijuana.

6.      The Defendant further agrees that he personally has read, or had read to him, the Indictment.    The Defendant admits that he does not have any information to dispute or disprove those allegations set forth in the Indictment in any way.

7.      This proffer of evidence is not intended to constitute a complete statement of all facts known by the parties but is a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea.    The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the Defendant's plea of guilty to the charged crimes. This Statement of the Offense fairly and accurately summarizes and describes some of the Defendant's actions and involvement in the offenses to which he is pleading guilty.

Respectfully Submitted

Edward R. Martin, Jr.
United States Attorney

By:    _____
IRIS MCCRANIE
Assistant United States Attorney
NY Bar 5011234
United States Attorney's Office
601 D. Street NW
Washington, D.C.    20530
202-834-4090
Iris.mccranie@usdoj.gov

4

## DEFENDANT'S ACKNOWLEDGMENT

I have read the Statement of Offense setting forth the facts related to my guilty plea to Counts One of the Indictment, charging one count of Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.SC. § 922(g)(1). I have discussed this proffer fully with my attorney, Benjamin Schiffelbein. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 4/17/25

Lamaas Lowery-Bey
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's proffer of evidence related to my client's guilty plea to Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.SC. § 922(g)(1). I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 4/18/25

Benjamin Schiffelbein
Attorney for Defendant

5